UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
----------------X

DONALD L. MOSHIER, JR.,
    plaintiff

    v.

UNITED STATES OF AMERICA;
JOHN J. LAMANNA, (Former Warden);
DOCTOR BEAM, (Doctor at FCI McKean);
DOCTOR OLSON, (Doctor at FCI McKean);
DOCTOR SMITH, (Health Administrator);
JAMES SHERMSN, (FCI McKean Warden),
    defendants
----------------X

Civil No. 1:05-CV-180-SJM-SPB
(Magistrate Judge Baxter)

RECEIVED

JUN 29 2006

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

PLAINTIFF'S AMENDED COMPLAINT

A. PARTIES

1. Plaintiff is Donald L. Moshier, Jr., a United States citizen, currently incarcerated in the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg").

2. Defendants are United States of America, former and current B.O.P. employees who were and are working at FCI-McKean, Pennsylvania, at the times of the events described herein, Former Warden John J. LaManna; Doctor Beam; Doctor Olson; Health Services Administrator Smith; and Warden James Sherman.

3. Plaintiff demands a jury trial on his claim of deliberate indifference. [Fed.R.Civ.P. 38(b)].

4. These defendants may be served by delivering a copy of the amended complaint and summons tho the United States Attorney for the Western District Of Pennsylvania. [Fed.R.

Civ.P.4(i)(1)].

## B. JURISDICTION

5. This Court has both original and supplemental jurisdiction over this suit pursuant to 28 U.S.C. § 1346(b)(1), § 1331 and § 1367. This action is for money damages and declatory relief for personal injury caused by negligent acts/omissions of employees of the U.S. Government and for acts of deliberate indifference to plaintiff's serious medical needs.

## C. STANDING

6. Plaintiff has suffered an injury in fact by the negligent acts of the defendants. Likewise, defendants LaManna, Beam, Olson, Smith and Sherman have acted with deliberate indifference to plaintiff's serious medical needs in violation of the 8th Amendment to the U.S. Constitution.

7. The Federal Tort Claims Act ("FTCA"), 28 U.S.C §2671-80 and <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403, U.S. 388 (1971), provides plaintiff with a private right of action.

## D. CONDITIONS PRECEDENT

8. Plaintiff timely presented these claims in writing to the Northeast Regional Office, in PA, and the General Counsel, in Washington. This suit is filed within six months of the agency's final written notice. 28 U.S.C. § 2675(a).

## E. FACTS

9. Plaintiff, Donald L. Moshier, Jr, pro se, herein-

after ("plaintiff") is a federal inmate currently incarcerated at United States Penitentiary, Lewisburg, PA (USP-Lewisburg").

10. Plaintiff arrived at FCI McKean in June of 2002. Shortly thereafter, in August of 2003, plaintiff began to experience fatigue, naseau, headaches, pain in his right side and stomache.

11. Plaintiff presented himself to sick call at the prison at the end of August of 2003 complaining of these ailments.

12. Plaintiff was tested for Hepatitis-C, a liver disease, and found to be "positive" for it on approximately September 18th 2003.

13. On September 22, 2003, plaintiff wrote an inmate to staff request to defendant Smith, requesting to be treated for his Hepatitis-C with the then currently medically accepted medical treatment, which was and is a combination of medications called "interfuron" and "ribaviron". These medications are currently, used in combination, the only medical treatment for Hepatitis-C, that is available to inmates in the Bureau of Prisons.

14. Plaintiff also wrote a inmate to staff request to Doctor Beam, requesting the Hepatitis treatment on September 22, 2003. Both these requests were denied by them.

15. Plaintiff sought to discuss this issue with Doctor Olson, who is also a defendant, and to request from him resolution of this matter in September of 2003, defendant Olson's response was to refuse to treat me or see me any

further.

16. Defendants Smith, Olson and Beam all refused to treat plaintiff for his Hepatitis-C, despite his continual complaints that he was becoming worse, and this ailment was causing him pain and suffering during September and October of 2003. Defendants Smith, Olson and Beam informed plaintiff that he did not meet the criteria of the B.O.P. for treatment.

17. Plaintiff filed an informal resolution form (BP-8), on October 2, 2003, requesting treatment for the Hepatitis-C without delay, a liver biopsy to be performed on him, which is required to see what stage the disease has progressed to, and to determine if treatment is warranted.

18. Plaintiff's BP-8 wa answered and signed by Counselor Morello, who assured plaintiff that if he did, in fact, need treatment, he would receive it.

19. Plaintiff filed an administrative remedie request (BP-9), on October 27, 2003, seeking the same remedy. Defendant LaManna, then Warden, denied his BP-9 on Nov. 14, 2003.

20. On November 19, 2003, plaintiff filed a Regional Administrative Remedy Appeal seeking the same remedy, and was denied on December 22, 2003.

21. On January 7, 2004, plaintiff filed a Central Office Administrative Remedy Appeal (BP-11), and was denied.

22. On June 16, 2004, plaintiff filed an Administrative Tort Claim with the Northeast Regional Counsel. His Regional Tort was denied.

23. Shortly after plaintiff filed his Regional tort Cliam,

defendants Olson and Smith gave defendant Beam permission to order a liver biopsy, which was performed on August of 2004.

24. In approximately the end of September, 2004, defendant Beam started plaintiff on the "interfuron" and "ribaviron" treatment for the Hepatitis-C.

25. Plaintiff continued on this medication and treatment for approximately four months, or until January of 2005, when defendant Beam was forced to "cut his dose" below half of his original dose, due to plaintiff's negative rosponse to the medication as confirmed through blood work.

26. In approximately the end of February, 2005, plaintiff began to suffer from extreme stomache pains and pains in his right side, and had what appeared to be a swollen "ball" or cyst on the left side of his stomach. Plaintiff informed the defendants who informed him not to worry about it.

27. This severe pain and suffering continued for plaintiff, and his complaints to defendants continued to be ignored, until finally in March of 2005, plaintiff could no longer eat or sleep.

28. Defendants Olson, Smith and Beam's response to plaintiff's severe ailment was to tell plaintiff to "Just take some tylenol and you'll be allright."

29. On April 14, 2005, defendant Beam finally had plaintiff taken to an outside hospital because of the severity of his condition.

30. Plaintiff eventually lost forty nine pounds due to this ailment.

31. Plaintiff was eventually brought to an outside hospital, Bradford Hospital, where he was subjected to various medical tests, Dr, Graham at Bradford Hospital told plaintiff that "You almost died." "In another twenty minutes you would have been dead". Plaintiff had a tempature of 104.5 at the time he was admitted to Bradford Hospital.

32. Plaintiff's galbladder had to be removed, he had what amounts to poison flowing through his system at the time he was admitted to the outside hospital.

33. Plaintiff has a nine inch scar on his stomache because of this operation.

34. Plaintiff continues to suffer from pain in his stomache because of this operation and ailment.

35. Plaintiff eventually had to have the increased growth, or ball, that was on the left side of his stomache removed, by doctors at an outside hospital in February 2006, by the time plaintiff had this growth removed it had increased in size from the size of a marble to that of a golfball.

36. Defendant Sherman's involvement in this case stems from when he was acting Warden at FCI McKean and I had filed my Regional Tort Claim. I asked for his help and intervention in resolving this issue, but was denied by him.

### F. COUNT-1 FEDERAL TORT CLAIMS ACT

37. These acts/omissions on the part of Dr.s Beam, Smith and Olson were negligent. These individuals are employees of the Defendant, USA, and were acting within the course of scope of their duties. <u>Bryant v. Administrative Of FCI Otis-</u>

ville, 897 F.Supp. 143, 137n. 2 (S.D.N.Y. 1995). Plaintiff's administrative tort was denied.

### G. COUNT-2 EIGHTH AMENDMENT VIOLATION

38. Defendant's Beam, Smith, Olson, LaManna and Sherman, have acted with deliberate indifference toward plaintiff's serious medical needs.

### H. DAMAGES

39. As a direct and proximate result of defendants negligence and deliberate indifference, plaintiff has suffered the following injuries:

A. Physical pain and mental anguish in the past and future.

B. Daily pain in the past.

C. a nine inch scar on his stomache. and a three inch scar on his side.

### I. PRAYER

40. For these reasons plaintiff asks for the following:

A. Actual Damages of 100,000 dollars for claim of negligence.

B. Actual Damages for 100,000 dollars for claim of deliberate indifference.

C. Cost of suit.

D. All other relief that the Court finds appropriate.

Date: June 27, 2006

Respectfully submitted,

Donald L Moshier
Fed. Reg No. 10924-052

Clerk of Court
U.S. District Court
Western District Pennsylvania
U.S. Post Office and Courthouse
Room 204
7th and Grant Streets
Pittsburgh, PA 15219

Donald L. Moshier, Jr.
Fed. Reg. 10924-052
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837


Date June 27, 2006


RE: Donald L. Moshier, Jr., v. U.S. Federal Bureau of Prisons; FCI McKean Medical Department; James Sherman Warden.

Dear Clerk Of Court,

Enclosed please find my Motion To Amend Civil Complaint, along with proposed Amended Complaint and Certificate of Service. Thank You for your time and attention in this matter.

Sincerely,

Donald L. Moshier, Jr.