# Exhibit 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

DONALD MOSHIER,                          :
       Plaintiff,                    :
                                         :
    v.                                        :          Civil Action No. 05-180 (Erie)
                                         :
BUREAU OF PRISONS, et al.,               :
       Defendants.                  :

## DECLARATION OF JOYCE HORIKAWA

1. I, Joyce Horikawa, do hereby declare that I am a Senior Attorney Advisor, Federal

Bureau of Prisons, Northeast Regional Office, Philadelphia, Pennsylvania. I have been employed

in this position since approximately April 8, 2001. As an Attorney Advisor, I have access to

most records maintained in the ordinary course of business in the Bureau of Prisons Northeast

Regional Office, including records maintained in the Bureau's computerized data base as well as

hard copies of administrative remedy submissions and Responses for those cases which are

appealed at least to the Regional level, as well as Administrative Tort claim submissions and

responses for cases filed with the Northeast Regional Office. As an Attorney Advisor, I am

familiar with the Bureau of Prisons policies and procedures pertaining to the processing of

administrative tort claims asserted under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§

2671 et seq., and submitted to the Bureau of Prisons under 28 C.F.R. §§ 543.30-.32. I am also

familiar with the Bureau's administrative remedy process as set forth at 28 C.F.R. § 542.10, et

seq.

2. It is my understanding that inmate Donald Moshier, Register Number 10924-052, filed

a civil action in the United States District Court for the Western District of Pennsylvania in

which he alleged staff at the Federal Correctional Institution (FCI), McKean, Pennsylvania

provided him with deliberately indifferent and negligent medical care.

3. The Bureau of Prisons' regulations applicable to administrative claims asserted under the FTCA require claims to be mailed or delivered to the Bureau of Prisons "regional office in the region where the claim occurred." 28 C.F.R. § 543.31(c).

4. I have searched the administrative tort claim files for all FTCA administrative tort claims filed by inmate Moshier and have determined that on or about June 16, 2004, he submitted an administrative tort claim with the Northeast Regional Office of the Federal Bureau of Prisons. Inmate Moshier's tort claim was assigned the Case Number TRT-NER-2004-03795. In this tort claim, inmate Moshier alleged that between October 2003, and June 15, 2004 (the date of his administrative tort claim), he received negligent medical treatment for hepatitis C. Specifically, inmate Moshier alleged he had not been provided a liver biopsy or interferon/ribavirin for treatment of hepatitis C. The tort claim did not raise any issues related to the level of medical care afforded for his gallbladder or for a lump, mass, or lipoma on the side of his stomach or abdomen. In a memorandum dated December 9, 2004, Tort Claim Number TRT-NER-2004-03795 was denied. On December 21, 2004, Plaintiff signed a receipt of denial of tort claim form indicating he received the December 9, 2004 memorandum denying is tort claim.

5. Based upon my review of inmate Moshier's administrative tort claim submissions, I have determined that inmate Moshier has exhausted his administrative remedies under the Federal Tort Claims Act (FTCA) with respect to the treatment provided between October 2003, and June 15, 2004, only. for Hepatitis C. However, because inmate Moshier has not filed any administrative tort claims with the Bureau of Prisons Northeast Regional Office in which he complained of negligent medical treatment for his gallbladder and/or a lump, mass, or lipoma on the side of his stomach or abdomen, he has not exhausted his available administrative remedies

-2-

under the FTCA for these issues.

6. In order to exhaust all process under the Administrative Remedy Procedure for Inmates, an inmate must first attempt to informally resolve the dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 calendar days of the date that the basis of the complaint occurred. 28 C.F.R. §§ 542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R. §§ 542.14, 542.15. If the Regional Director denies an inmate's regional administrative remedy, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response. See 28 C.F.R. §§ 542.14 and 542.15. The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons General Counsel.

7. In the ordinary course of business, computerized indexes of all administrative remedy requests and appeals are maintained on the Bureau of Prisons' computerized database so that rapid verification may be made as to whether an inmate has exhausted the administrative remedy process on a particular issue. Also, in the ordinary course of business, hard copies of all administrative remedy request and appeal packets in which an inmate has reached or attempted to reach at least the Regional level of review with the Federal Bureau of Prisons Northeast Regional Office, are maintained in the Bureau of Prisons Northeast Regional Office. I have access to both the computerized database as well as the hard copies of the administrative remedy packets described above.

8.  On or about July 19, 2006, in connection with the above-captioned litigation, I accessed the computerized indexes of all administrative remedies filed by inmate Moshier, to determine whether he had attempted to exhaust the highest level of administrative appeal on all of the issues raised in this case.

9.  Following a search of the indexes of all administrative remedies filed by inmate Moshier, I determined that he exhausted his administrative remedies only with respect to the diagnostic testing and medical treatment connected with hepatitis C.  Inmate Moshier has not filed a singe administrative remedy request or appeal in connection with the medical treatment or testing connected with either a gallbladder problem or a growth, mass, or lipoma on the side of his stomach or abdomen.

10.  Attached hereto, please find a true and correct copy of the following documents, which are maintained in the ordinary course of business in the Bureau of Prisons Northeast Regional Office:

a.   Public Information Data for inmate Donald Moshier, Register Number 10924-052;

b.   Administrative Remedy Case Number 314442;

c.   Administrative Tort Claim, Case Number TRT-NER-2004-03795;

d.   Federal Bureau of Prisons Clinical Practice Guidelines for the Prevention and Treatment of Viral Hepatitis, February 2003; and

e.   NIH Consensus Statement on Management of Hepatitis C: 2002.

> I declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 25th day of July, 2006.

-4-

Joyce M. Horikawa
Senior Attorney Advisor
Federal Bureau of Prisons
Northeast Regional Office
Philadelphia, PA