IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD L. MOSHIER, JR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 05-180(ERIE) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | JUDGE MCLAUGHLIN |
| JOHN J. LAMANNA (Former Warden), | ) | MAGISTRATE JUDGE BAXTER |
| DOCTOR BEAM (Doctor at FCI McKean), | ) | |
| DOCTOR OLSON (Doctor at FCI McKean), | ) | Electronically Filed |
| DOCTOR SMITH (Health Administrator), | ) | |
| and JAMES SHERMAN | ) | |
| (FCI McKean Warden), | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants the United States of America, John J. LaManna, Herbert Beam, M.D., Dennis Olson, M.D., Rodney Smith, H.S.A. (incorrectly identified as "Doctor Smith") and James Sherman, by their undersigned counsel, submit the following Answer and Affirmative Defenses to the Amended Complaint of plaintiff Donald L. Moshier, Jr.:

**A.  PARTIES**

1.-2.    The averments set forth in paragraphs 1-2 of plaintiff's Amended Complaint are admitted.  By way of further response, defendants state that plaintiff has named as defendants the United States of America and five (5) individuals (the "Individual Defendants").  The Individual Defendants' full names are John J. LaManna, Herbert Beam, M.D., Dennis Olson, M.D., Rodney Smith, H.S.A. (incorrectly identified as "Doctor Smith") and James Sherman

3.    The averments set forth in paragraph 3 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff is requesting a jury trial for any claims pursuant to

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Defendants deny the remaining averments set forth in this paragraph. By way of further response, defendants state that plaintiff's *Bivens* claims should be dismissed in their entirety. *See* Defendants' Partial Motion to Dismiss or, in the Alternative, Partial Motion for Summary Judgment (filed with the Court on September 21, 2006).

    4.    Defendants deny the averments set forth in paragraph 4 of plaintiff's Amended Complaint. By way of further response, defendants specifically deny that the Individual Defendants were properly served, with the exception of defendant Sherman. *See* Defendants' Partial Motion to Dismiss or, in the Alternative, Partial Motion for Summary Judgment (filed with the Court on September 21, 2006).

## B.  ALLEGED JURISDICTION

    5.    The averments set forth in paragraph 5 of plaintiff's Amended Complaint contain jurisdictional allegations to which no response is required and, to the extent that a response is required, defendants specifically deny such averments. By way of further response, defendants state that the Court lacks subject matter jurisdiction over plaintiff's *Bivens* claims and those claims that plaintiff failed to exhaust under the provisions of the Federal Tort Claims Act ("FTCA") prior to filing this action. *See* Defendants' Partial Motion to Dismiss or, in the Alternative, Partial Motion for Summary Judgment (filed with the Court on September 21, 2006).

### C. ALLEGED STANDING

6.-7.   The averments set forth in paragraphs 6-7 of plaintiff's Amended Complaint constitute conclusions of law to which no response is required and, to the extent that a response is required, defendants specifically deny such averments. By way of further response, defendants deny that the Individual Defendants acted with deliberate indifference to plaintiff's serious medical needs.. *See* Defendants' Partial Motion to Dismiss or, in the Alternative, Partial Motion for Summary Judgment (filed with the Court on September 21, 2006).

### D. CONDITIONS PRECEDENT

8.   The averments set forth in paragraph 8 of plaintiff's Amended Complaint constitute conclusions of law to which no response is required and, to the extent that a response is required, defendants specifically deny such averments. Defendants specifically deny that plaintiff timely presented all of the claims set forth in his Amended Complaint to the Bureau of Prisons Northeast Regional Office. *See* Defendants' Partial Motion to Dismiss or, in the Alternative, Partial Motion for Summary Judgment (filed with the Court on September 21, 2006).

### E. ALLEGED FACTS

9.   The averments set forth in paragraph 9 of plaintiff's Amended Complaint are admitted.

10   The averments set forth in paragraph 10 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff arrived at the Federal Correctional Institution in McKean County, Pennsylvania ("FCI McKean") in June of 2002. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining averments set forth in paragraph 10 of plaintiff's Amended Complaint and, as a result, defendants deny such averments.

11.     After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 11 of plaintiff's Amended Complaint and, as a result, defendants deny such averments.

12.     The averments set forth in paragraph 12 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff tested positive for the Hepatitis C virus in September 2003. Defendants deny the remaining averments set forth in this paragraph.

13.     The averments set forth in paragraph 13 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff requested Interferon/Ribavirin treatment in a written request to defendant Smith dated September 28, 2003, and that Interferon/Ribavirin are medications used in combination to treat Hepatitis C. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 13 of plaintiff's Amended Complaint and, as a result, defendants deny such averments.

14.     The averments set forth in paragraph 14 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff requested Interferon/Ribavirin treatment in a written request to defendant Beam dated September 28, 2003. Defendants deny the remaining averments set forth in this paragraph.

15.     The averments set forth in paragraph 15 of plaintiff's Amended Complaint are admitted only to the extent that, in a written request to defendant Olson dated September 17, 2003, plaintiff requested to know the results of the Hepatitis C test. Defendants deny the

remaining averments set forth in this paragraph. Defendants specifically deny that defendant Olson refused to treat plaintiff or see him any further. *See* Defendants' Partial Motion to Dismiss or, in the Alternative, Partial Motion for Summary Judgment (filed with the Court on September 21, 2006).

      16.    Defendants deny the averments set forth in paragraph 16 of plaintiff's Amended Complaint that defendants Smith, Olson and Beam refused to treat plaintiff for his Hepatitis C. *See* Defendants' Partial Motion to Dismiss or, in the Alternative, Partial Motion for Summary Judgment (filed with the Court on September 21, 2006). After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 16 of plaintiff's Amended Complaint and, as a result, defendants deny such averments.

      17.    The averments set forth in paragraph 17 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff submitted an information resolution form to his Correctional Counselor on or about October 2, 2003, in which he requested an immediate liver biopsy and a Hepatitis A vaccine. Defendants deny the remaining averments set forth in this paragraph.

      18.    The averments set forth in paragraph 18 of plaintiff's Amended Complaint are admitted.

      19.    The averments set forth in paragraph 19 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff submitted an Administrative Remedy Request on or about October 3, 2003, in which he sought a liver biopsy, a liver profile and a Hepatitis A vaccine, that plaintiff accused medical staff of being deliberately indifferent to his medical needs,

and that defendant LaManna denied that staff were deliberately indifferent to plaintiff's medical needs. Defendants deny the remaining averments set forth in this paragraph.

20. The averments set forth in paragraph 20 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff appealed defendant LaManna's response to the Northeast Regional Office on or about November 24, 2003, and that plaintiff's Regional Administrative Remedy Appeal was denied on December 22, 2004. Defendants deny the remaining averments set forth in this paragraph.

21. The averments set forth in paragraph 21 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff appealed the Regional Office's response to the Bureau's Central Office on or about January 7, 2004, and that on April 1, 2004, a response was issued indicating agreement with the responses from defendant LaManna and the Regional office. Defendants deny the remaining averments set forth in this paragraph.

22. The averments set forth in paragraph 22 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff filed an administrative tort claim on June 16, 2004 with the Northeast Regional Counsel of the Federal Bureau of Prisons, and that this administrative tort claim was denied. Defendants deny the remaining averments set forth in this paragraph.

23. The averments set forth in paragraph 23 of plaintiff's Amended Complaint are admitted only to the extent that defendant Beam referred plaintiff for a liver biopsy, the liver biopsy was approved, and the liver biopsy was performed on August 24, 2004. Defendants deny the remaining averments set forth in this paragraph. Defendants specifically deny that defendant Beam referred plaintiff for a liver biopsy after plaintiff filed his administrative tort claim.

24.     The averments set forth in paragraph 24 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff received Interferon/Ribaviron treatment. Defendants deny the remaining averments set forth in this paragraph. By way of further response, defendants state that defendant Beam submitted a referral for plaintiff to receive Interferon treatment on September 8, 2004, this referral was approved on October 7, 2004, and plaintiff received his first dose of Interferon/Ribaviron on October 28, 2004.

25.     The averments set forth in paragraph 25 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff continued to receive Interferon/Ribaviron treatment. Defendants deny the remaining averments set forth in this paragraph. By way of further response, defendants state that plaintiff received the following treatment: four doses of 180 mcg of injected Peginterferon between October 28, 2004 and November 24, 2004; five doses of 90 mcg Peginterferon from November 25, 2004, until December 23, 2004; five doses of 135 mcg Peginterferon between December 30, 2004, through January 27. 2005; and eleven doses of 180 mcg Peginterferon February 3, 2005, through April 14, 2005.

26.     The averments set forth in paragraph 26 of plaintiff's Amended Complaint are admitted only to the extent that defendant Beam advised plaintiff that the lump was a lipoma. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 26 of plaintiff's Amended Complaint and, as a result, defendants deny such averments.

27.     Defendants deny the averments set forth in paragraph 27 of plaintiff's Amended Complaint that plaintiff's medical complaints were ignored by defendants. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to

the truth of the remaining averments set forth in paragraph 27 of plaintiff's Amended Complaint and, as a result, defendants deny such averments.

28.   Defendants deny the averments set forth in paragraph 28 of plaintiff's Amended Complaint.

29.   The averments set forth in paragraph 29 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff was taken to an outside hospital on April 14, 2005 due to complaints of epigastric tenderness. Defendants deny the remaining averments set forth in this paragraph.

30.   After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 30 of plaintiff's Amended Complaint and, as a result, defendants deny such averments.

31.   The averments set forth in paragraph 31 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff was taken to the Bradford Regional Medical Center on April 18, 2005 and that several tests were conducted upon his admission. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 31 of plaintiff's Amended Complaint and, as a result, defendants deny such averments.

32.   The averments set forth in paragraph 32 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff's gallbladder was removed due to acute cholecystitis. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 32 of plaintiff's Amended Complaint and, as a result, defendants deny such averments.

33.-34.   After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraphs 33-34 of plaintiff's Amended Complaint and, as a result, defendants deny such averments.

35.   The averments set forth in paragraph 35 of plaintiff's Amended Complaint are admitted only to the extent that plaintiff was taken to an outside medical facility for excision of the 4x4 cm. lipoma in his left upper quadrant on March 23, 2006.  Defendants deny the remaining averments set forth in this paragraph.

36.   The averments set forth in paragraph 36 of plaintiff's Amended Complaint are admitted only to the extent that defendant Sherman was the Warden at FCI McKean at the time plaintiff filed his administrative tort claim.  After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 36 of plaintiff's Amended Complaint and, as a result, defendants deny such averments.  Defendants specifically deny that defendant Sherman was personally involved in plaintiff's medical care.  *See* Defendants' Partial Motion to Dismiss or, in the Alternative, Partial Motion for Summary Judgment (filed with the Court on September 21, 2006).

### F.  COUNT -1 FEDERAL TORT CLAIMS ACT

37.   The averments set forth in paragraph 37 of plaintiff's Amended Complaint contain conclusions of law to which no response is required and, to the extent that a response is required, defendants specifically deny such averments.  By way of further response, defendants deny that defendants Beam, Smith and Olson were negligent, and that the Individual Defendants are proper defendants in an FTCA action.  *See* Defendants' Partial Motion to Dismiss or, in the Alternative, Partial Motion for Summary Judgment (filed with the Court on September 21, 2006).

### G.  COUNT -2 ALLEGED EIGHTH AMENDMENT VIOLATION

38. Defendants deny the averments set forth in paragraph 38 of plaintiff's Amended Complaint.  By way of further response, defendants specifically deny that the Individual Defendants acted with deliberate indifference towards plaintiff's serious medical needs.  *See* Defendants' Partial Motion to Dismiss or, in the Alternative, Partial Motion for Summary Judgment (filed with the Court on September 21, 2006).

### H.  ALLEGED DAMAGES

39. Defendants deny the averments set forth in paragraph 39 of plaintiff's Amended Complaint, along with subparts (A) through (C).

### I.  PRAYER

40. The averments set forth in paragraph 40 of plaintiff's Amended Complaint, along with subparts (A) through (D), constitute a prayer for relief to which no response is required.  To the extent that a response is required, defendants specifically deny any factual averment set forth in this paragraph, including all subparts.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted with respect to all of plaintiff's claims against defendants.

### SECOND AFFIRMATIVE DEFENSE

The Court subject matter lacks jurisdiction over some or all of plaintiff's claims set forth in the Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's own negligence is the sole and/or contributory cause of the occurrence set forth in plaintiff's Amended Complaint. Plaintiff is therefore barred from recovery.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were not proximately caused by a negligent, careless or wrongful act or omission of defendants.

### FIFTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675(b), plaintiff is prohibited from seeking an amount over the amount asserted in his administrative claim.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any alleged damages, and is therefore barred from recovery.

### SEVENTH AFFIRMATIVE DEFENSE

The concurrent acts of others, and not of defendants, were the proximate cause of the occurrence set forth in plaintiff's Amended Complaint. Plaintiff is therefore barred from recovery.

### EIGHTH AFFIRMATIVE DEFENSE

The acts of others, and not defendants, were the sole and proximate intervening and/or superseding cause of the occurrence set forth in plaintiff's Amended Complaint. Plaintiff is therefore barred from recovery.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages are limited to the damages recoverable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. Attorneys' fees are taken out of any judgment or settlement and are governed by the statute. 28 U.S.C. § 2678.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's negligence was greater than the negligence, if any, of defendants. Plaintiff is therefore barred from recovery.

## ELEVENTH AFFIRMATIVE DEFENSE

At all relevant times, defendants exercised the required degree of care and skill, and the standard of skill required by the law was satisfied.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by the negligence or wrongful acts of third parties that were not under the control of defendants.

WHEREFORE, defendants respectfully request that plaintiff's Amended Complaint be dismissed with prejudiced, that judgment be entered in favor of defendants, that defendants be awarded attorneys' fees and disbursements, and such other and further relief as the Court deems appropriate in this action.

        Respectfully submitted,

        MARY BETH BUCHANAN
        United States Attorney

        <u>s/ Megan E. Farrell</u>
        MEGAN E. FARRELL
        Assistant U.S. Attorney
        Western District of PA
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219
        (412) 894-7429
        PA I.D. No. 76972

        Counsel for defendants

<u>Of Counsel</u>:
Joyce Horikawa
Senior Attorney Advisor
Federal Bureau of Prisons
U.S. Custom House – 7th Floor
Second and Chestnut Streets
Philadelphia, PA 19104

Dated: September 21, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September, 2006, a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint was served sent via electronic mail and/or first class mail, postage prepaid, to the following:

>Donald L. Moshier, Jr.
>No. 10924-052
>USP Lewisburg
>P.O. Box 1000
>Lewisburg, PA 17837

>s/ Megan E. Farrell
>MEGAN E. FARRELL
>Assistant United States Attorney